```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

ANDREA NESTER,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:13-03336

THE HAMPTON INN PRINCETON, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    Pending before the court is defendants' motion to dismiss. Doc. No. 5.  For the following reasons, the motion to dismiss is **GRANTED** in part and **DENIED** in part.

Factual and Procedural Background

    On February 1, 2013, plaintiff filed the instant suit in the Circuit Court of Mercer County, West Virginia, alleging several claims against defendants, each related to events surrounding her pregnancy and employment termination.  See generally Doc. No. 1-2.  The complaint named a total of five defendants.  The first three defendants are business entities, namely The Hampton Inn Princeton, SWV Hotel Limited Partnership, and VIM, Inc.  Doc. No. 1-2, at 1.  The last two defendants are individual defendants, both of whom are sued in their individual capacities as well as their capacities as agents of the corporate defendants.  See id.  Regarding the individual defendants, and at all times relevant to the instant motion,

1

Clarence Kerr, Jr. was the President of each of the corporate defendants.  See Doc. No. 1-2, at ¶ 11; Doc. No. 3, at ¶ 11.  Similarly, Melissa Dye was, at all times relevant to the instant motion, general manager of the Hampton Inn Princeton.  See Doc. No. 1-2, at ¶ 11; Doc. No. 3, at ¶ 11.

   On February 22, 2013, defendants removed this case to this court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, based on the complaint's allegations of two distinct federal causes of action, namely counts under the Family and Medical Leave Act as well as Title VII of the Civil Rights Act.  See Doc. No. 1, at 2, ¶ 5.  On March 15, 2013, defendants filed the instant motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, with an accompanying memorandum of law.  Doc. Nos. 5, 6.  On March 28, 2013, plaintiff responded to defendants' motion to dismiss.  Doc. No. 8.  On April 5, 2013, defendants replied to plaintiff's response.  Doc. No. 9.

Discussion

I. Count One - Pregnancy Discrimination Act,[1] Title VII Claim

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to assert the defense of "lack of subject-matter jurisdiction" by pre-answer motion. See Fed. R. Civ. P. 12(b)(1). Relatedly, Rule 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In Title VII cases, when a plaintiff fails to exhaust administrative remedies, federal courts lack subject matter jurisdiction over such a claim. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

According to defendants, they seek dismissal of plaintiff's Title VII claim under 12(b)(1) because plaintiff has failed to

---

[1] The court notes that the Pregnancy Discrimination Act of 1978 expanded certain definitions contained within Title VII. Specifically, the Act amended section 701 of the Civil Rights Act of 1964 such that the phrases "because of sex" and "on the basis of sex" encompass pregnancy, childbirth, or related medical conditions, as well as women affected by the same. In other words, for purposes of the instant motion, there is no independent cause of action created by the Pregnancy Discrimination Act of 1978. Rather, for purposes of this motion, the Act simply expands the set of possible causes of action brought under Title VII of the Civil Rights Act of 1964 and does not affect other rights or obligations of litigants who bring suit under Title VII. See Young v. United Parcel Serv., Inc., 707 F.3d 437, 445 (4th Cir. 2013)(citing DeJarnette v. Corning Inc., 133 F.3d 293 (4th Cir. 1998)); cf. California Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 285 (1987)("Congress intended the PDA to be a floor beneath which pregnancy disability benefits may not drop-not a ceiling above which they may not rise.")(internal quotations omitted).

3

exhaust her administrative remedies by, among other things, failing to obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).  See Doc. No. 6, at 3.  In her response, plaintiff concedes that she has not yet "pursue[d] an EEOC claim," but insists she still has time to do so.  Doc. No. 8, at 5.  Accordingly, plaintiff asks that any dismissal of her Title VII claim be without prejudice.  Id.  Defendants argue that any dismissal of plaintiff's Title VII claim should be with prejudice because "principles applicable to splitting a cause of action" would prevent plaintiff from asserting essentially the same claim in a future EEOC proceeding.  See Doc. No. 9, at 2 (citing Jang v. United Tech. Corp., 206 F.3d 1147 (11th Cir. 2000)).

It is clear this court currently lacks subject matter jurisdiction over plaintiff's Title VII claim because plaintiff has, thus far, failed to exhaust her administrative remedies.  See Jones, 551 F.3d at 300.  On the other hand, precisely because the court lacks subject matter jurisdiction over plaintiff's Title VII claim, the court cannot dismiss that claim with prejudice since the court "has no power to adjudicate and dispose of a claim on the merits."  S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

Moreover, Jang is distinguishable because the plaintiff in that case attempted to bring a previously-dismissed Americans with Disabilities Act (ADA) claim after the remainder of his suit had been decided on the merits.[2]  See Jang, 206 F.3d at 1148.  In other words, Jang consisted of Jang I and Jang II, where Jang II was an entirely separate suit, but involved essentially the same ADA claim from Jang I.  In that situation, the Eleventh Circuit Court of Appeals concluded that the resurrected ADA claim in Jang II was barred by res judicata because the remainder of the action in Jang I had been decided on the merits.  Here, there remain at least two claims, the validity of which defendants do not contest in their instant motion to dismiss.  In other words, no claim has yet been

---

[2] Defendants refer to principles that counsel against "splitting a cause of action."  At least four circuit courts of appeals have decided cases where res judicata, sometimes referred to as claim preclusion, prevents a plaintiff from filing one lawsuit then waiting before filing a second lawsuit pursuing a federal claim that had required exhaustion of administrative remedies. See Jang v. United Technologies Corp., 206 F.3d 1147 (11th Cir. 2000)(holding that res judicata prevented a litigant from "splitting cause of action" between two federal lawsuits); Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 339 (7th Cir. 1995)(same); Heyliger v. State Univ. & Cmty. Coll. Sys. of Tennessee, 126 F.3d 849 (6th Cir. 1997)(holding that state law governing collateral estoppel (claim preclusion) prevented a litigant from "splitting cause of action" between a state lawsuit and a subsequent federal lawsuit where alleged employment discrimination arose out of the same transaction); Woods v. Dunlop Tire Corp., 972 F.2d 36, 41 (2d Cir. 1992)(noting that litigants may avoid claim preclusion by filing all other claims then moving to stay the action until related Title VII administrative proceedings are complete).

decided on its merits in this case, unlike in <u>Jang</u> and the cases <u>Jang</u> cites for the proposition that a cause of action may not be split.  Therefore, defendants' argument based on <u>Jang</u> does not apply to the disposition of this motion.

Accordingly, defendants' 12(b)(1) motion to dismiss plaintiff's Title VII claim is **GRANTED**, and plaintiff's Title VII claim is dismissed without prejudice.

<u>II. Applicable Law — Rule 12(b)(6) of the Federal Rules of Civil Procedure</u>

Fundamentally, a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests whether a plaintiff's complaint satisfies Rule 8(a)'s liberal pleading requirements.  Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Rule 8(a)'s "short and plain statement" requirement indicates that one of the objectives of Rule 8(a) is to avoid technicalities.  See <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 251 (4th Cir. 1999).  Moreover, the Supreme Court has reiterated that, for purposes of Rule 8, pleading "[s]pecific facts [is] not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007))(internal

6

quotations omitted); see also Ostrzenski, 177 F.3d at 251 (explaining that a claim satisfies Rule 8's requirements if a plaintiff "colorably states facts which, if proven, would entitle him to relief.")(quoting Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir.1982))(internal quotations omitted).

    Nevertheless, while a complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Erickson, 551 U.S. at 93, the complaint must state a plausible claim for relief. More specifically, a complaint must "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009)(adding that a "complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims across the line from conceivable to plausible."). As a general matter, if a complaint could not satisfy the minimal requirements outlined above, it could not survive a 12(b)(6) motion to dismiss. See 5B Fed. Prac. & Proc. Civ. § 1356 (3d ed.)(noting that "[o]nly when the plaintiff's complaint fails to meet [Rule 8's] liberal pleading standard is it subject to dismissal under Rule 12(b)(6).").

However, what satisfies Rule 8's liberal pleading requirements depends largely on individual pleadings and their respective wording.  In at least some cases, the Supreme Court has indicated that listing the elements that make out a prima facie claim is unnecessary.  See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002)(noting, in the Title VII context, that "[t]his Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.")(overruled on other grounds).  However, the Fourth Circuit has not read Swierkiewicz to remove "the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)(emphasis added).  In sum, "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief."[3]  Id. (emphasis added).

Finally, when applying the 12(b)(6) standard, a court must accept the complaint's factual allegations as true.  See

---

[3] The Fourth Circuit went on in Bass, a Title VII case, to state that "[t]he words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

8

Twombly, 550 U.S. at 555-56.  Moreover, a court considering a 12(b)(6) motion must also "draw[] all reasonable . . . inferences" from the facts alleged in the Complaint in the plaintiff's favor.  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

III. Count Three - West Virginia Wage Payment and Collection Act

Defendants move pursuant to Rule 12(b)(6) to dismiss plaintiff's West Virginia Wage Payment and Collection Act (WV Wage Payment Act) claim as it pertains to the individual defendants, specifically Clarence Kerr, Jr. and Melissa Dye in their individual capacities.  Doc. No. 6, at 8.  Defendants argue that the WV Wage Payment Act claim against these two defendants must be dismissed because plaintiff's complaint alleged neither actual nor constructive knowledge on the part of defendants Kerr or Dye.  Plaintiff responds that she "does not seek to hold the individual Defendants responsible for violations of the [WV Wage Payment Act], except to the extent that it is revealed that the individuals were involved in a joint venture."  Doc. No. 8, at 10.

The court presumes that plaintiff would have the words "does not seek to hold . . . responsible" operate as a voluntary dismissal of her WV Wage Payment Act claims against Clarence Kerr, Jr. and Melissa Dye in their individual capacities.

9

However, several courts have held that

> when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.

9 Fed. Prac. & Proc. Civ. § 2362 (3d ed.). Because plaintiff has not moved pursuant to Rule 15 to amend her complaint, and because the logic excerpted above ought to apply equally when multiple claims are filed against multiple defendants, the court will treat defendants' 12(b)(6) motion to dismiss as unopposed with respect to plaintiff's WV Wage Payment Act claim against Clarence Kerr, Jr. and Melissa Dye.[4]

Where 12(b)(6) motions go unopposed, at least one other district court in the Fourth Circuit has concluded that failing to oppose a 12(b)(6) motion to dismiss is sufficient reason to grant the motion. See Roberson v. Wilkes, 1:04-cv-984, 2004 WL 3019350 (M.D.N.C. 2004); compare Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)(holding that a court, "in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.")(emphasis added).

---

[4] In other words, the court presumes plaintiff only seeks to attach liability for WV Wage Payment Act violations to the individual defendants, if at all, through liability theory based on joint venture.

10

Accordingly, defendants' motion to dismiss plaintiff's WV Wage Payment Act claim against Clarence Kerr, Jr. and Melissa Dye in their individual capacities is **GRANTED** and the claim is **DISMISSED** as against those individual defendants.

IV. Count Four - Joint Venture

In West Virginia, a joint venture is an "association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge."  Syl. pt. 10, Cunningham v. Herbert J. Thomas Mem'l Hosp. Ass'n, 230 W. Va. 242 (2012); see also Armor v. Lantz, 207 W. Va. 672, 677 (2000).  Moreover, joint ventures are created by contract, whether written or oral, express or implied.  Id.  A particularly important criterion of a joint venture is joint control and management of the property used to accomplish the joint venture's aims.  Cunningham v. Herbert J. Thomas Mem'l Hosp. Ass'n, 230 W. Va. 242, 281 (2012). Nevertheless, the joint control criterion refers not to actual physical control, but the legal right to control the other joint venturer's conduct in furtherance of the joint venture's aims. Id.

Defendants move pursuant to Rule 12(b)(6) to dismiss plaintiff's joint venture claim as it pertains to the individual defendants Clarence Kerr, Jr. and Melissa Dye.  Doc. No. 6, at 9.  Unlike their 12(b)(6) motion to dismiss plaintiff's WV Wage

11

Act claim, defendants' 12(b)(6) motion regarding joint venture does not simply complain that plaintiff fails to list all legal elements of a joint venture under West Virginia law.  Rather, defendants additionally argue that plaintiff "fails to suggest any evidence . . . of a written or verbal contract between either of the individual defendants and any of the corporate defendants" and, similarly, that plaintiff "fails to allege an agreement between either of the individual defendants and the corporate defendants to share profits."  Id.

As noted above, a complaint need not speak certain magic words to unlock a viable claim.  Rather, the liberal pleading standards of the Federal Rules of Civil Procedure are a departure from code pleading.  Cf. Conley v. Gibson, 355 U.S. 41, 48 (1957)(explaining, in dicta, that "[t]he Federal Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.")(abrogated on other grounds).

Here, to say that plaintiff's complaint does not "suggest any evidence whatsoever" of any contract between either of the individual defendants and any of the corporate defendants overstates the extent of the complaint's deficiency in that regard.  Specifically, paragraphs four and eleven allege

12

defendants Kerr and Dye's relationships between each other and the corporate defendants. See Doc. No. 1-2, at ¶¶ 4, 11. Paragraphs twelve, thirteen, fifteen, and sixteen allege defendants Kerr and Dye's behavior and demeanor toward plaintiff before her termination. See id., at ¶¶ 12, 13, 15, & 16. Finally, paragraphs twenty-four, twenty-six, and twenty-seven allege defendants Kerr and Dye's behavior toward plaintiff after learning plaintiff was pregnant and witnessing the effects that plaintiff's pregnancy complications had on her attendance at work. See id., at ¶¶ 24, 26, & 27.

Accepting each of these allegations as true, and drawing all reasonable inferences therefrom in plaintiff's favor, as the court must do when applying the 12(b)(6) standard, see Twombly, 550 U.S. at 555-56; Edwards, 178 F.3d at 244, the court finds that the complaint alleges facts sufficient to support a claim of joint venture against each of the named defendants, including Clarence Kerr, Jr. and Melissa Dye, under West Virginia law. Given the allegations regarding defendants Kerr and Dye's relationships between one another and the corporate defendants, as well as the allegations regarding defendants Kerr and Dye's behavior, both before and after learning plaintiff was pregnant, the complaint, whose allegations are accepted as true, "show[s] . . . the plausibility of entitlement to relief" by the plaintiff on a theory of joint venture as against all defendants

under West Virginia law.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotations omitted)).

    In their reply brief, defendants cite one unpublished decision from the Northern District of Texas.  See Doc. No. 9, at 8 (citing JPA, Inc. v. USF Processors Trading, Inc., No. 3:05-cv-433, 2005 WL 1383362 (N.D.Tex. 2005)).  There, the court required that each specific element of a joint venture claim must be pled on the face of a complaint.  Id.  Notably, despite its rigid requirement of listing the elements of joint venture in a complaint, the court in USF Processors Trading nevertheless declined to dismiss under 12(b)(6), finding instead that plaintiff had "a basis for pleading the elements of a joint venture" because the complaint sufficiently addressed each of the elements required to prove a joint venture.  USF Processors Trading, Inc., 3:05-cv-0433, at 2 (N.D.Tex. 2005)(declining to dismiss under 12(b)(6) and, instead, allowing twenty days for plaintiff to amend the complaint to explicitly list the elements of a joint venture).  The court finds USF Processors Trading, Inc. neither persuasive nor supportive of defendants' position.  First, the court in USF Processors Trading, Inc. did not dismiss the joint venture claim for failure to list the elements of a joint venture where the complaint otherwise pled facts sufficient to support such a claim.  Second, this court sees no

reasoned basis for requiring plaintiff to amend her complaint where it otherwise alleges facts sufficient to support a claim of joint venture under West Virginia law.  There is no such fallback requirement under the Federal Rules of Civil Procedure whereby a plaintiff, whose complaint survives a 12(b)(6) motion to dismiss, must nevertheless amend to mimic an ideal complaint.

Separately, defendants cite Texas and Illinois case law for the proposition that "the mere fact that . . . individual defendants have some kind of employment relationship with the corporate defendants is not sufficient to allege joint venture." Doc. No. 8, at 9 (citing Chapman v. Oshman's Sporting Goods, Inc., 792 S.W.2d 785, 788 (Tex. App. 1990); Landers-Scelfo v. Corporate Office Sys., Inc., 827 N.E.2d 1051, 1058 (Ill. App. 2005)). Defendants do not cite, and the court cannot find, West Virginia case law that either stands for the same proposition or indicates the West Virginia Supreme Court of Appeals would decide a similar case in accord with Illinois and Texas state law.[5]  In other words, West Virginia law does not seem to

---

[5] Defendants cite to the Tenth Circuit Court of Appeals' decision in Freese v. United States, 455 F.2d 1146, 1151 (10th Cir. 1972) to support the conclusion that an employer-employee relationship precludes a joint venture relationship in certain circumstances. That case is clearly distinguishable as it interprets the application of federal tax law to business entities and not the application of any state law regarding liability on a theory of joint venture.

preclude a joint venture claim where other relationships among the alleged joint venturers predate the joint venture itself.

Accordingly, defendants' motion to dismiss plaintiff's joint venture claim against Clarence Kerr, Jr. and Melissa Dye in their individual capacities is **DENIED**.

## V. Count Five - Negligent Infliction of Emotional Distress

Plaintiff's complaint includes a count labeled "Intentional/Negligent Infliction of Emotional Distress," under which she generally alleges that the defendants' actions "were intended to cause, and/or negligently caused," the plaintiff to suffer severe emotional distress. Doc. No. 1-2, at 10. These allegations notwithstanding, plaintiff's response to defendants' 12(b)(6) motion to dismiss states that the plaintiff "is not pursuing a claim for negligent infliction of emotional distress." Doc. No. 8, at 5.

Accordingly, defendant's motion to dismiss plaintiff's claim for negligent infliction of emotional distress is **GRANTED** and the claim is **DISMISSED**.

## VI. Count Five - Intentional Infliction of Emotional Distress

As a general matter, in West Virginia a plaintiff must prove four elements to prevail on a claim for intentional infliction of emotional distress. First, that defendant's alleged conduct was "atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency." Syl. Pt. 3,

16

Travis v. Alcon Laboratories, 202 W.Va. 369 (1998). Second, that defendant "acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result" from defendant's conduct. Id. Third, that defendant's actions caused plaintiff's emotional distress. See id. Fourth, that plaintiff's emotional distress was "so severe that no reasonable person could be expected to endure it." Id. When a claim does not allege facts sufficient to support any of these elements, the claim must fail a 12(b)(6) motion to dismiss. See Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). For the reasons stated below, plaintiff's complaint fails to allege facts sufficient to support the first element of an intentional infliction of emotional distress claim under West Virginia law, namely that defendants' conduct was "atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency." Syl. Pt. 3, Travis, 202 W.Va. 369.

In West Virginia, whether conduct can "reasonably be considered outrageous" for purposes of an intentional infliction of emotional distress claim is a legal question. Love v. Georgia-Pac. Corp., 209 W. Va. 515, 517 (2001). In the context of employment, the simple act of termination cannot constitute outrageous conduct, although the way termination was effected might. See Dzinglski v. Weirton Steel Corp., 191 W. Va. 278,

17

285 (1994)(distinguishing "when the employee's distress results from the fact of his discharge . . . rather than from any improper conduct on the part of the employer in effecting the discharge, then no claim for intentional infliction of emotional distress can attach.")(holding modified on other grounds).

The only alleged instances of conduct that can fairly be construed as <u>surrounding</u> plaintiff's termination are (1) Clarence Kerr, Jr.'s response to the news of plaintiff's pregnancy, namely asking "Now, what are we going to do?"; (2) Melissa Dye's use of text messaging to fire plaintiff; and (3) Melissa Dye's delay in texting plaintiff the news of her termination in order to have plaintiff "fill in" for Ms. Dye a day after plaintiff was supposed to be terminated. <u>See</u> Doc. No. 1-2, at ¶¶ 24, 26, 27. Plaintiff argues that each of these alleged instances of conduct amount to "outrageous" conduct for purposes of her intentional infliction of emotional distress claim while defendants argue that none of them do. <u>See</u> Doc. No. 6, at 4-5; Doc. No. 8, at 7, 9. The court agrees with defendants.

As noted above, plaintiff argues that termination by texting is, by itself, outrageous. Doc. No. 8, at 7. Failing that, however, plaintiff adds that texting her termination with a two day delay just so her supervisor could have someone "fill in" for a shift the day after plaintiff was originally supposed

18

to be fired must amount to outrageous conduct. Id., at 9. However, this conduct, while perhaps tacky, is no more outrageous than the conduct alleged in an exhaustive list of West Virginia Supreme Court of Appeals cases cited by this court in Suddreth v. Maurices, Inc., Civil Action No. 5:11-00389, 2012 WL 275393 (S.D.W. Va. 2012)(listing Hatfield v. Health Management Associates of West Virginia, 223 W.Va. 259 (2008), Love v. Georgia-Pacific Corp., 209 W.Va. 515 (2001), Hines v. Hills Dep't Stores, Inc., 193 W.Va. 91 (1994), Cook v. Heck's Inc., 176 W.Va. 368 (1986), Yoho v. Triangle PWC, Inc., 175 W.Va. 556 (1985)). The conduct involved in the cases listed in Suddreth consisted mainly of disparate, retaliatory treatment, continuous harassment, or both. The West Virginia Supreme Court of Appeals found that the conduct surrounding employment termination in those cases did not amount to the type of "outrageous" conduct required by a claim of intentional infliction of emotional distress. By degree of outrageousness, termination by text message, even when delayed for petty and selfish reasons, does not rise to, let alone surpass, the degree of outrageousness associated with continuous harassment or disparate treatment.

    However, asking "now what are we going to do" when confronted with the reality of a pregnant employee goes further than, for example, simply texting "u r fired." Implying that a

pregnant employee is a liability by virtue of her pregnancy is, at the very least, distasteful.  Nevertheless, as outlined above, the West Virginia Supreme Court of Appeals has failed to label similar disparaging conduct "outrageous" for purposes of intentional infliction of emotional stress.  Even taking Kerr's alleged question in the worst possible light, plaintiff does not allege any continuing harassment.  Moreover, even assuming Kerr's question implies that he would treat pregnant employees differently once he knew they were pregnant, disparate treatment alone has not amounted to "outrageous" conduct in West Virginia for purposes of intentional infliction of emotional distress.

Accordingly, defendant's motion to dismiss plaintiff's claim for intentional infliction of emotional distress is **GRANTED** and the claim is **DISMISSED**.

<u>Conclusion</u>

As outlined more fully above, defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.  Doc. No. 5.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 7th day of June, 2013.

                                        ENTER:

                                        David A. Faber
                                        Senior United States District Judge