```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

ANDREA NESTER,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:13-03336

THE HAMPTON INN PRINCETON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to file an amended complaint. (Doc. No. 21). For the reasons that follow, the motion is granted.

## Factual and Procedural Background

On February 1, 2013, plaintiff filed the instant suit in the Circuit Court of Mercer County, West Virginia, alleging several claims against defendants, each related to events surrounding her pregnancy and employment termination. See generally (Doc. No. 1-2). The complaint named a total of five defendants. The first three defendants are business entities - The Hampton Inn Princeton, SWV Hotel Limited Partnership, and VIM, Inc. (Doc. No. 1-2, at 1). The last two defendants are individual defendants, both of whom are sued in their individual capacities as well as their capacities as agents of the corporate defendants. Id. Regarding the individual defendants, and at all times relevant to the instant motion, Clarence Kerr,

1

Jr. was the President of each of the corporate defendants. (Doc. No. 1-2, at ¶ 11); (Doc. No. 3, at ¶ 11). Similarly, Melissa Dye was, at all times relevant to the instant motion, general manager of the Hampton Inn Princeton. (Doc. No. 1-2, at ¶ 11); (Doc. No. 3, at ¶ 11).

On February 22, 2013, defendants removed the case to this court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, based on the complaint's allegations of two distinct federal causes of action, namely counts under the Family and Medical Leave Act and Title VII of the Civil Rights Act. (Doc. No. 1 at ¶ 5). On March 15, 2013, Defendants filed a motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, with an accompanying memorandum of law. (Doc. Nos. 5, 6). After plaintiff's response and defendants' reply, this court granted the motion in part and denied it in part. (Doc. No. 16).

On July 11, 2013, plaintiff filed the instant motion for leave to file an amended complaint. (Doc. No. 21). The initial proposed amended complaint was attached as Exhibit A to the motion. (Doc. No. 21-1). Defendants filed a response on July 24, 2013. (Doc. No. 23). This response elicited a reply from plaintiff and a supplement to plaintiff's reply. (Doc. Nos. 26, 31). Apparently moved by defendants' response, plaintiff also attached a revised proposed amended complaint to her reply.

2

(Doc. No. 26 at 14-22).[1] Critical to the disposition of this motion, plaintiff sought leave to amend after the May 22, 2013 Scheduling Order deadline to amend pleadings. (Doc. No. 11).

### Substance of the Proposed Amendment

On April 23, 2013, the defendants produced documents in response to plaintiff's initial discovery requests. (Doc. No. 12). Plaintiff posits that in the course of analyzing the employment records produced by defendants, plaintiff discovered that defendants failed to pay her overtime wages. (Doc. No. 22 at 2). As such, plaintiff seeks to amend her complaint to add the failure to pay overtime wages to the factual allegations. (Doc. No. 26 at ¶¶ 31, 36). Based on these allegations, plaintiff purports to add a federal claim and a state claim for the failure to pay overtime. Rather than add additional counts to the complaint, plaintiff simply changes the phrase "a direct violation of the West Virginia Wage Payment and Collection Act (WPCA)" to "a direct violation of both federal and State Law,

---

[1] The revised proposed amended complaint attached to plaintiff's reply is substantially the same as the initial proposed amended complaint. The only difference worth pointing out is the addition of "and federal law" to paragraph 36. Consequently, in the interests of judicial efficiency, the court will address the proposed amendment attached to plaintiff's reply. Any reference in this order to the proposed amended complaint is to the complaint attached to plaintiff's reply. (Doc. No. 26 at 14-22). Defendants are not prejudiced by this court addressing the complaint attached to the reply because it simply attempts to respond to defendants' concerns and makes no substantive changes which would alter the disposition of this motion.

including, *inter alia*, West Virginia wage and hour laws and the [WPCA]." (Doc. Nos. 1-2 at ¶ 46, and 26 at ¶ 47). The "federal law" presumably refers to the Fair Labor Standards Act (FLSA), and the "West Virginia wage and hour laws" is presumably a reference to the West Virginia Minimum Wage and Maximum Hours Standard Act.[2] The manner in which plaintiff has sought to add a claim on the basis of unpaid overtime wages is anything but organized or articulate – making the disposition of this motion a much closer call than it likely should be.

## Analysis

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or

---

[2] Other than these proposed changes, the proposed amended complaint is the same as the original complaint. This is despite the fact that an intervening order of this court dismissed Counts One and Five of the original complaint. (Doc. No. 16). The court dismissed Count One without prejudice because the court lacked subject matter jurisdiction over plaintiff's Title VII claim due to the plaintiff's failure to exhaust her administrative remedies. Id. at 4. Plaintiff alleges no new facts in her proposed amended complaint to suggest that she has now received a right-to-sue letter from the Equal Employment Opportunity Commission. Additionally, the emotional distress claims made in Count Five were dismissed for reasons stated in the order. To the extent that this court grants plaintiff's motion for leave to amend her complaint, the court's order on the defendants' motion to dismiss is still in full effect. Counts One and Five remain dismissed, and Count Three is still dismissed as against the individual defendants.

by written consent of the adverse party; and leave shall be freely given when justice so requires." In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, in the Southern District of West Virginia, it is well established that "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure]. If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing <u>Lone Star Transp. Corp. v. Lafarge Corp.</u>, Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).

   A. <u>Rule 16(b) Good Cause</u>

As the deadline for amended pleadings passed prior to the filing of this motion, plaintiff must satisfy the "good cause" standard of Rule 16(b) in addition to meeting the requirements of Rule 15(a). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose

5

an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Marcum, 163 F.R.D. at 254 (citing Johnson).  After a review of the record, it appears to the court that plaintiffs were more or less diligent in making their motion to amend the complaint.  It is true that plaintiff sought leave to amend over a month after the deadline for amendments had passed.  Plaintiff points out, however, that she had to "have a consultant review and analyze the time entry and wage documents, ensure that Plaintiff has sufficient evidence and a sufficient base to assert the overtime wage claim, seek to amicably amend her complaint, prepare a motion to amend her complaint, [and] prepare an amended complaint."  (Doc. No. 26 at 5).  Judging from the proposed amended complaint, it does not appear that plaintiff spent too much time drafting it.  The court nonetheless recognizes that these other tasks take considerable time, effort, and diligence.  While the court agrees that plaintiff could have filed this motion earlier than July 11, 2013, the fact that she waited until July could indicate an abundance of caution rather than the sort of foot-dragging alleged by defendants.  In such a close case, the court thinks it best to err on the side of the

6

plaintiff and finds that she has met the "good cause" standard of Rule 16(b).

B. Rule 15(a)

Advancing now to the requirements of Rule 15(a), the court further finds that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in untimely filing her motion to amend. The court, therefore, in considering the Foman factors, is left to ascertain whether allowing the requested amendment would cause undue prejudice to the defendants or be an act in futility. The court will address prejudice and futility in turn.

1. Prejudice

Defendants contend that permitting the proposed amendment would be unduly prejudicial to defendants. (Doc. No. 23 at 3). They argue that the addition of a failure to pay overtime claim at this date, whether federal or state law based, would mean that defendants would not have enough time to gather information to prepare a defense. It is true, as defendants point out, that "[a] common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant and if offered shortly before or during trial." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). However, even if the overtime claim would require the gathering of facts not already

7

considered by defendants, the amendment is not being offered shortly before trial. Trial in this matter is currently scheduled for February 4, 2014 – nearly five months away. (Doc. No. 11). Surely, this is sufficient time to gather and analyze information pertinent to defendants' defense.[3] As such, the court finds that defendants will not be prejudiced by permitting the proposed amendment.

2. <u>Futility</u>

The issue of futility presents a more difficult question than that of prejudice – a difficulty that could have been avoided had the proposed amendment been clearer. Leave to amend should be denied for futility "when the proposed amendment is clearly insufficient or frivolous on its face." <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 510 (4th Cir. 1986). More specifically, "[f]utility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." <u>Katyle v. Penn Nat. Gaming, Inc.</u>, 637 F.3d 462, 471 (4th Cir. 2011). That is, an amendment is futile

---

[3] The deadline to make discovery requests was August 20, 2013, and the deadline to complete all depositions is October 4, 2013. (Doc. No. 11). If defendants feel that they will require additional time to obtain discovery in light of the proposed amendment, they have several options pursuant to this district's Local Rules of Civil Procedure. They can move to amend the scheduling order by showing good cause, or they can seek a private agreement with plaintiff to extend discovery. <u>See</u> Local Rule of Civil Procedure 16.1(f)(1)-(3). The court notes that good cause is likely present.

8

if it does not satisfy the requirements of the Federal Rules of Civil Procedure. See U.S. ex rel. Wilson v. Kellog Brown & Root, Inc., 525 F.3d 370 (4th Cir. 2008) (district court did not abuse its discretion in denying leave to file an amended complaint where the proposed amended complaint did not properly state a claim under Rule 12(b)(6)). In essence, the court is required to determine whether plaintiff's proposed amendment states a claim upon which relief can be granted.

    To that end, defendants make several arguments why the amendment fails as a matter of law, i.e. is futile. Primarily, defendants focus on the underlying source of authority for a cause of action based on the failure to pay overtime wages. (Doc. No. 23 at 3-5). The essence of defendants' argument is that the Fair Labor Standards Act (FLSA) is the exclusive remedy available to recover unpaid overtime wages; and because plaintiff does not appear to allege a violation of the FLSA, leave to amend must be denied. Id. Oddly, plaintiff responds with the argument that defendants are not engaged in "commerce" as defined by the FLSA and consequently are not covered by the statute. (Doc. No. 26 at 8-9). Defendants correctly point out that the West Virginia Wage Payment and Collection Act (WPCA) addresses the timing of wage payments and cannot form the basis for a claim of failure to pay overtime wages. See Westfall v. Kendle Int'l, CPU, LLC, 1:05-cv-00118, 2007 WL 486606 at *16

9

(N.D.W. Va. Feb. 15, 2007) ("The WPCA does not create a right to the overtime premium."); Davis v. Murdock, 2:10-cv-01332, 2011 WL 588433 at *2 (S.D.W. Va. Feb. 9, 2011) (citing Westfall).

This leaves the FLSA or the West Virginia Wage and Maximum Hours Standards Act as the possible sources of authority for plaintiff's overtime claim. As the defendants point out, the Minimum Wage and Maximum Hours Standards Act does not apply to employers if eighty percent of the employees "are subject to any federal act relating to minimum wage, maximum hours and overtime compensation." W. Va. Code § 21-5C-1(e). Defendant goes on to assert that eighty percent of its employees are covered by the FLSA – an assertion questioned by plaintiff. Other critical factual matters must be uncovered before it is clear which theory, if any, plaintiff can pursue. For example, the FLSA applies to an "[e]nterprise engaged in commerce" which is defined as one "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii). The court need not decide which theory forms the basis of plaintiff's overtime claim. Indeed, the court cannot decide on the current record. Based on the current record, there is not enough information to determine whether eighty percent of defendants' employees are covered by the FLSA, whether defendants' gross volume of business is greater than

$500,000, or other critical facts necessary to trigger FLSA coverage.

This dispute, while ultimately critical to the resolution of this case, is not pertinent at this stage of the litigation. It is well-settled that "[a] party is not required to plead any specific legal theories to state a valid claim for relief, but are only required to plead sufficient facts from which it could claim a right of recovery, regardless of the particular legal theory." Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc., 681 F. Supp. 2d 694, 723 (S.D.W. Va. 2009). This general rule of pleading is uniformly followed in the federal system. See generally 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215 (3d ed.). Indeed, courts have determined that citing the wrong statute as the basis for a claim will not render the pleading insufficient. See Hatmaker v. Memorial Med. Cntr., 619 F.3d 741, 743 (7th Cir. 2010) ("Even citing the wrong statute needn't be a fatal mistake, provided the error is corrected in response to the defendant's motion for summary judgment and the defendant is not harmed by the delay in correction.") (emphasis supplied) (citing Ryan v. Illinois Dep't of Children & Family Servs., 18 F.3d 751, 764 (7th Cir. 1999) ("It is of no moment therefore that [plaintiff's] complaint identified the wrong statute as the basis for their claim, as

11

long as their allegations gave notice of a legally sufficient claim.") (emphasis supplied)).

Plaintiff's allegations give defendants notice of a legally sufficient claim. Plaintiff alleges that she worked in excess of forty hours per week and was not paid overtime wages. (Doc. No. 26 at 18, ¶ 36). While the allegations are certainly bare bones, they are sufficient to state a claim based on the failure to pay overtime wages. See Butler v. DirectSat USA, LLC, 800 F.Supp.2d 662, 667-68 (D. Md. 2011) (plaintiffs' simple allegations that they worked in excess of forty hours and were not paid overtime were sufficient to state a claim under the FLSA).[4] For the sake of clarity, it would be nice to know what legal theory plaintiff is pursuing. However, the liberal pleading requirements do not mandate that plaintiff provide it. As such, the court finds that the proposed amended complaint is not futile.

Conclusion

Plaintiff has met the good cause requirement of Rule 16(b) and established that she is entitled under Rule 15(a) to amend

---

[4] The Butler decision provides a useful discussion of the two approaches that federal district courts have taken with respect to pleading FLSA claims post-Twombly. Butler, 800 F.Supp.2d at 667-68. The stricter approach requires specificity as to the number of hours worked per week, while the more lenient approach permits the type of simple allegations at issue here. For the reasons expressed by Judge Chasanow, this court finds the more lenient approach to be more practical and faithful to the federal rules.

the complaint. While the arguments offered by defendants may ultimately have some merit, they would be better presented in a dispositive motion such as one for summary judgment. Defendants may have occasion to revive their arguments in the future. Substantive legal arguments as to the merits of plaintiff's claim will be best resolved on a more complete record.

As outlined more fully above, plaintiff's motion for leave to file amended complaint (Doc. No. 21) is GRANTED. The Clerk is directed to file the amended complaint (attached to plaintiff's reply, Doc. No. 26 at 14-22).

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 26th day of September, 2013.

ENTER:

*David A. Faber* (signature)
David A. Faber
Senior United States District Judge